# THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> TAYLOR ANN-MARIE DALY, <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO CONTINUE TRIAL AND EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT** <br><br> Case No. 4:21-cr-00073-DN-PK <br><br> District Judge David Nuffer <br> Magistrate Judge Paul Kohler |

Based on Defendant's Stipulated Motion to Continue Jury Trial ("Motion")[1] and for good cause appearing, the court makes the following findings:

1.      Defendant appeared on October 20, 2021, for an arraignment on the indictment.[2] Defendant's jury trial was scheduled for January 4, 2021, which was within the time[3] allowable by the Speedy Trial Act.[4]

2.      Defendant has moved to continue trial for 120 days pursuant to 18 U.S.C. § 3161(h)(7) (ends of justice).[5]  This is Defendant's first request for continuance of the trial in this matter.

3.      Against the backdrop of Defendant's case, the country has been wrestling the outbreak of the Coronavirus Disease (COVID-19). On March 16, 2020, Chief Judge Robert Shelby issued General Order No. 20-009 in response to the outbreak, continuing all criminal jury

---

[1] Docket no. 20, filed December 17, 2021.

[2] Docket no. 10, filed October 20, 2021.

[3] Due to the ongoing COVID-19 Pandemic, time between April 1, 2021, and January 31, 2022, has been excluded by the District of Utah from the Speedy Trial Act time calculations. D. Ut. General Order 21-15.

[4] *Id.*

[5] Motion.

trials pending further order of the Court. Through successive General Orders, Chief Judge Shelby vacated all jury trials through April 2021.

4.      On April 29, 2021, pursuant to General Order No. 21-003, the courthouse began continuous, consecutive jury trials, one trial at a time in the courthouse. Through additional General Orders No.'s 21-007, 21-009, 21-012, and 21-015, Chief Judge Shelby ordered that the time between April 1, 2021, and January 31, 2022, was to be excluded from speedy trial calculations pursuant to 18 U.S.C. § 3161(h)(7)(A).

5.      The defense asks the Court to continue the trial in light of the factual findings in General Orders 21-003, which were adopted in later General Orders.[6]  In these Orders, Chief Judge Shelby notes the restricted access to detained federal clients by both courts and defense counsel, the health risks associated with trial that remain acute, and defense counsel's diminished ability to prepare for criminal trials in light of the pandemic.

6.      The defense is also continuing to seek and receive discovery. Settlement remains a possibility at this time, but cannot be completed before full discovery is received.[7]

7.      Defendant is in custody and agrees with this continuance.[8]

8.      Government counsel, Jay T. Winward, was contacted and stipulated to the proposed continuance.[9]

9.      There are no other defendants in this case.[10]

---

[6]  Motion at 3.

[7]  *Id*. at 4.

[8]  *Id*.

[9]  *Id*.

[10]  *Id*. at 4.

2

**DISCUSSION**

Beginning on March 16, 2020, the District of Utah ("the Court") entered numerous

general orders dealing with court operations during the COVID-19 pandemic and suspending

jury selection and jury trials, including General Orders 20-008, 20-009, 20-010, 20-011, 20-012,

20-017, 20-021, 20-026, 20-029, 20-030, 21-001, 21-003, 21-007, 21-009, 21-012, and 21-015.

The orders contained facts about the state of the COVID-19 health crisis, including the

procedural and practical challenges to seating a jury in the midst of the pandemic, and the Utah

Governor's Stay Safe, Stay Home directive.    By court order, time was excluded from the

speedy trial calculation pursuant to the ends of justice exclusion under 18 U.S.C.

§ 3161(h)(7)(A).    For example, in April 2020, the Court explained:

> An "ends of justice" exclusion under the Speedy Trial Act is disfavored and "meant to be
> a rarely used tool for those cases demanding more flexible treatment." [*United States v.
> Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009).]    The Court nevertheless concludes an
> "ends of justice" finding is necessary and appropriate in the District of Utah at this time.
> The expanding number of COVID-19 infections, hospitalizations, and deaths nationally
> and in Utah, demand modifications to court practices to protect public health.    Courts
> and court operations are necessarily social operations, involving many people.
>
> Mindful of the Court's constitutional responsibility to continue providing mission-critical
> functions of the federal judiciary – even during the COVID-19 outbreak – the need to
> protect the public health in the midst of the ongoing deadly COVID-19 pandemic
> outweighs the important rights of individual defendants and the public to speedy trials at
> this time.    The Court reaches this conclusion after carefully balancing the factors set
> forth in 18 U.S.C. § 3161(h)(7)(B).    Specifically, the Court finds that the exclusion of
> time through June 15, 2020, from the respective speedy trial periods, is necessary to
> protect the health and safety of jurors and prospective jurors, court staff and employees,
> criminal defendants, counsel, law enforcement personnel, and the public.    In addition,
> in-custody defendants in this District are held at local jails under the direct control of the
> State of Utah and individual counties.    The Court is experiencing significant restrictions
> on access to federal defendants during this outbreak.    Travel restrictions further impair
> the ability of counsel and witnesses to appear for grand jury proceedings or trial.
> Beyond that, the current environment makes it nearly certain that the Court cannot obtain
> an adequate spectrum of jurors to fairly conduct trials.    Moreover, the health risks

3

associated with trial are acute.    Trial requires that jurors, counsel, parties, witnesses, court personnel, and judges all be present in the courtroom in relatively close proximity. Empaneling a jury, conducting a trial, and facilitating jury deliberations, all with due regard for health and safety, is simply not possible in the physical facilities available to the court.    Video and audio conferencing, used for hearings, are not available for trials. Counsel's ability to adequately prepare for trial, including locating and consulting with witnesses, and defense counsel's ability to effectively confer with defendants, are also greatly diminished under these circumstances.[11]

The order further stated that "[j]udges are encouraged to enter speedy trial orders in the cases over which they preside."[12]

Similar orders were entered until March 16, 2021, when the Court announced it was moving to Phase II of its phased reopening plan, effective April 1, 2021.[13]    The Order explained that a limited number of continuous, consecutive, criminal jury trials would take place, beginning on April 29, 2021, and time would be excluded under the Speedy Trial Act.[14]

The Court explained:

The Court continues to monitor closely the state of the COVID-19 health crisis in Utah and around the nation.    Notwithstanding that the number of vaccinated Utahns is rapidly increasing and new daily cases of COVID-19 in Utah are consistently falling in recent months, we remain in the midst of the most serious global pandemic in over a century. Globally, nearly 120 million people have been infected, and more than 2,600,000 have died from the disease. The Judicial Conference of the United States has found that emergency conditions due to the national COVID-19 crisis have affected and continue to materially affect the functioning of the federal courts.    State and federal courts are only now beginning to carefully move towards safely reopening.

The Centers for Disease Control and Prevention (CDC) continues to issue guidance to combat the spread of the disease, and to promote the health and well-being of the nation. The Court is closely monitoring the CDC's guidance as well as various directives from all branches and levels of government.    Among other things, the CDC strongly recommends that all Americans avoid close contact with others (*i.e.,* being within six feet) and wear cloth face coverings in public or when around others.    These and other

---

[11]  D. Ut. General Order 20-012 at 3-4.

[12]  Id. at 5.

[13]  D. Ut. General Order 21-003.

[14]  *Id.* at 4, 6-7.

measures are in response to increased concerns about the extent of asymptomatic transmission of the virus and the potential for the virus to spread through mere conversations or breathing, in addition to airborne transmission through coughing or sneezing.

There are nationwide now over 29 million confirmed cases of Americans infected with COVID-19, resulting in over 530,000 deaths. Utah has now confirmed nearly 400,000 cases, resulting in over 15,000 hospitalizations and more than 2,000 deaths.   COVID-19 test positivity rates in Utah remain above levels necessary to reduce community spread. Vaccinations are proceeding in Utah but the percentage of vaccinated persons in Utah is less than neighboring states.   Taking into account all of the available and relevant data, including the numbers of daily new cases and hospitalizations, test positivity rates, ICU capacity in Utah hospitals, the availability of vaccines and the vaccination rates, the introduction of variants of the COVID-19 virus with unknown implications, as well as enhanced treatment capabilities for those infected with COVID-19, the Court concludes the pandemic continues to present an ongoing health emergency in Utah.   While the personal safety of the court community and those we serve remains the Court's top priority, conditions have improved to a point that the Court finds those safety concerns can be adequately protected while simultaneously expanding access to mission critical judicial functions with [certain] limitations[.][15]

The Court continued criminal trials through June 30, 2021, and explained:

**Speedy Trial Act:** For the reasons stated above relating to the ongoing COVID-19 threat, and for the reasons previously discussed in General Orders 20-009, 2020-010, 20-011, 20-012, 20-017, 20-021, 20-026, 20-029, 20-030, and 21-001, including the procedural and practical challenges to seating a jury in the midst of the COVID-19 pandemic the period of time between April 1, 2021, through June 30, 2021, is hereby **EXCLUDED** from the respective speedy trial calculations for both the return of an indictment and the commencement of trial within the District, pursuant to 18 U.S.C. § 3161(h)(7)(A). An "ends of justice" exclusion under the Speedy Trial Act is disfavored and "meant to be a rarely used tool for those cases demanding more flexible treatment."   [Citing *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009)].   The Court nevertheless concludes an "ends of justice" finding is necessary and appropriate in the District of Utah at this time. Notwithstanding the improving conditions in the State of Utah, the ongoing health emergency arising from the COVID-19 pandemic continues to demand modifications to court practices to protect public health.   Courts and court operations are necessarily social operations, involving many people.

Mindful of the Court's constitutional responsibility to continue providing mission-critical functions of the federal judiciary – even during the COVID-19 outbreak – the need to protect the public health in the midst of the ongoing deadly COVID-19 pandemic outweighs the important rights of individual defendants and the public to speedy trials at

---

[15] *Id.* at 3-4.

this time.   The Court reaches this conclusion after carefully balancing the factors set forth in 18 U.S.C. § 3161(h)(7)(B).   Specifically, the Court finds that the exclusion of time through June 30, 2021 from the respective speedy trial periods, is necessary to protect the health and safety of jurors and prospective jurors, court staff and employees, criminal defendants, counsel, law enforcement personnel, and the public.

In addition, in-custody defendants in this District are held at local jails under the direct control of the State of Utah and individual counties.   The Court continues to experience restrictions on access to federal defendants during this outbreak.   Travel restrictions further impair the ability of counsel and witnesses to appear for Grand Jury proceedings or trial.

Beyond that, the health risks associated with trial remain acute – even with the improving COVID-19 conditions in Utah.   Trial requires that jurors, counsel, parties, witnesses, court personnel, and judges all be present in the courtroom in relatively close proximity. Utilizing the Court's Petit Jury Trial Plan, the Court now concludes it is possible to safely host only one jury trial at a time in space available in the courthouse.   Empaneling and hosting more than one jury at a time, conducting more than one trial at a time, and facilitating jury deliberations, all with due regard for health and safety, is simply not currently possible in the physical facilities available to the court.   Video and audio conferencing, used for hearings, are not available for criminal jury trials.   Counsel's ability to adequately prepare for trial, including locating and consulting with witnesses, and defense counsel's ability to effectively confer with defendants, are also greatly diminished under the present circumstances.

Judges are encouraged to enter speedy trial orders in the cases over which they preside. Judges presiding over criminal proceedings may take such actions consistent with this Order as may be lawful and appropriate to ensure the fairness of the proceedings and preserve the rights of the parties – particularly where defendants are detained pending trial.   Any motion by a criminal defendant seeking an exception to any provision of this Order should be directed to the assigned judge.[16]

---

[16] *Id.* at 6-7.

These findings were readopted by the Court on June 30, 2021,[17]  July 22, 2021,[18]  August 27, 2021,[19]  and October 27, 2021.[20]  Time has been excluded by the Court under an ends-of-justice approach from the Speedy Trial Act calculation since April 1, 2021.

### Continuance and Exclusion of Time under the Speedy Trial Act

An "ends of justice" exclusion of time under the Speedy Trial Act is disfavored and "was meant to be a rarely used tool for those cases demanding more flexible treatment."[21]   Such an exclusion of time is specifically prohibited "because of general congestion of the court's calendar."[22]

But these conditions are not "general congestion." The need to conduct trials safely and reduce the backlog of older cases with defendants in custody requires careful triage and prioritization of trials. Failure to take these precautions, alongside the difficulties faced with client communication and preparation due to the COVID-19 pandemic, would result in a miscarriage of justice and would deny counsel for the government and Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. Furthermore, counsel for Defendant indicates additional time is needed for discovery and communication with Defendant. Therefore, the ends of justice served by this continuance outweigh the best interests of the public and Defendant in a speedy trial.   The time from the filing of this motion to the new trial date will be excluded from Defendant's speedy trial

---

[17]  D. Ut. General Order 21-007.

[18]  D. Ut. General Order 21-009.

[19]  D. Ut. General Order 21-012.

[20]  D. Ut. General Order 21-015.

[21]  United States v. Toombs, 574 F.3d 1262, 1269 (10th Cir. 2009).

[22]  18 U.S.C. § 3161(h)(7)(C).

computation. The continuance is not based on lack of diligent preparation on the part of the attorney for the United States or the defense, or failure on the part of the attorney for the United States to obtain available witnesses.

Accordingly, the court finds that there are facts that support a continuance of the trial date in this matter, and good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161.

## ORDER

THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:

1.      The Motion[23]  is GRANTED.

2.      The 5-day jury trial in this matter scheduled to begin on January 4, 2022, is hereby continued to May 10, 2022 at 8:30 a.m. IT IS HEREBY ORDERED the motion is GRANTED. New case deadlines are:

Motion filing deadline: April 12, 2022.

Plea hearing deadline: April 19, 2022.

Final pretrial hearing: Tuesday May 3, 2022, 1:30 pm.

Five-day jury trial: Tuesday May 10, 2022, 8:30 am.

---

[23] Docket no. 20, filed December 17, 2021.

8

3.      The time period between the filing of the Motion and May 10, 2022, inclusive, is excluded in computing the time within which the trial must commence, pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv).

DATED this 21st day of December, 2021.

BY THE COURT:

David Nuffer
United States District Judge